## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| ERROL STANLEY, NIGEL CHARLES, MELVIN NEAL, JOSEPH SONNY, WRANDA DAVIS, individually and as representatives of a class of persons too numerous to name individually | ) ) ) ) ) ) | CIVIL NO. 2003/0055 |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ST. CROIX BASIC SERVICES, INC., BASIC INDUSTRIES, INC., HOVENSA, LLC. And AMERADA HESS CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ———————————————— | ) | |

## MEMORANDUM OPINION

FINCH, J.

THIS MATTER comes before the Court on Plaintiffs' Appeal From Magistrate Judge's Order Entered July 14, 2006 Denying Plaintiffs' Motion to Amend Complaint. Defendants oppose such Appeal.

I.      **FACTUAL & PROCEDURAL BACKGROUND**

St. Croix Basic Services Inc., ("St. Croix Basic") lost its refinery contract and ceased business at the refinery January 31, 2003. It had 67 employees at the time. On March 31, 2003, five Plaintiffs filed a class action Complaint against St. Croix Basic, its parent, Basic Industries, Inc., and Hovensa, LLC and Amerada Hess Corporation (collectively "Defendants"). Plaintiffs' Complaint included numerous counts: wrongful discharge; breach of a duty of good faith and fair dealing; violations of the Virgin Islands Plant Closing Act and the Worker Adjustment

Retraining Notification Act; fraud; illegal retaliation and obstruction of justice; and intentional and negligent infliction of emotional distress.

On July 21, 2005, the Court, acting *sua sponte*, ordered the Plaintiffs to move to certify their class by September 30, 2005.  On September 29, 2005, the Plaintiffs' counsel announced to the Magistrate Judge and opposing counsel that Plaintiffs would not move for certification because the Third Circuit purportedly requires at least 290 plaintiffs to proceed as a class action. At a status conference held on December 19, 2005, the Court ordered Plaintiffs to move to amend their complaint by December 29, 2005.

On December 29, 2005, Plaintiffs moved for leave to amend their Complaint, abandoning the class action suit in favor of adding 77 new Plaintiffs.  Subsequently on February 1, 2006, Plaintiffs moved to add an additional 10 Plaintiffs to its tendered Amended Complaint.  In total, Plaintiff requests that there be 92 named Plaintiffs, counting the original five class action Plaintiffs.  Defendants opposed Plaintiffs' Motion to Amend.  On July 14, 2006, the Magistrate Judge entered an Order Denying Plaintiffs' Motion to Amend Complaint ("Order").  Plaintiffs filed their Notice of Appeal on July 28, 2006.

## II.        STANDARD OF REVIEW

Magistrate Judges are allowed to issue rulings on non-dispositive pretrial matters.  Fed. R. Civ. P. 72(a).  When a party appeals a magistrate's ruling, this Court can modify or set aside any portion of that ruling it finds to be "clearly erroneous or contrary to law."  Id.  A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004).  In addition, a Magistrate Judge's

ruling is contrary to law if "the Magistrate Judge misinterpreted or misapplied the applicable law." Id. The Magistrate Judge's decisions are accorded wide discretion. National Labor Relations Board v Frazier, 966 F.2d 812, 817 (3d Cir. 1992).


## III.    DISCUSSION

Plaintiffs seek to add numerous additional named Plaintiffs to the First Amended Complaint. Defendants argue that the amendments should not be allowed because they are untimely, prejudicial, and futile.

Rule 15(a) allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." The Supreme Court of the United States has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend must be granted unless equitable considerations render it otherwise unjust. Id. at 182; see Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).


### TIMELINESS:

Rule 15 does not establish a time restriction for amending a complaint and motions to amend have been allowed at different stages of litigation. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1488 (1990); see Ali v. Intertek Testing Services Caleb Brett, 332 F.Supp. 2d 827, 829 (D.V.I. 2004). Although delay in itself is generally an insufficient basis for denying leave to amend, "at some point, the delay will

become 'undue' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984); see Cornell & Co., Inc. v. Occupational Safety & Health Review Commission, 573 F.3d 820, 823 (3d Cir. 1978).

When assessing whether a delay in seeking amendment is undue, courts examine why the movant did not amend sooner. Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citing Adams, 739 F.3d at 864, 868). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." Arthur v. Maersk, Inc. 434 F.3d 196, 204 (3d Cir. 2006). Plaintiffs give no reason for waiting almost three years before proposing their amendment except their purported discovery that their class would not satisfy the numerosity requirement of Fed. R. Civ. P. 23. Pls.' Mot. To Amend Complaint at 6; see also Lorenz, 1 F.3d at 1414 (finding three year delay between filing and proposed amendment unreasonable where plaintiff had earlier opportunities to amend and most of the facts were available to plaintiff before she filed original complaint); David v. AMR Services Corp., 191 F.R.D. 89, 93 (D.V.I. 2000) (denying motion for leave to amend complaint, in part, because of unreasonable delay, where plaintiff waited more than a month after defendant pointed out defect in complaint before moving to amend).

Plaintiffs argue that the Magistrate Judge's Order "applies an improper standard on relation-back…and Plaintiffs' Motion to Amend must be granted because it relates back." Pls.' Notice of Appeal at 6. Plaintiffs insist that the Magistrate Judge's ruling ignored the fact that, where the Complaint relates back, leave to amend must be freely granted. Pls.' Reply to Basic Industries Inc.'s Response to Pls.' Appeal at 3.

Plaintiffs' Motion to Amend their Complaint was brought pursuant to Fed. R. Civ. P. 15(a) rather than Fed. R. Civ. P. 15(c). <u>See</u> Pls.' Mot. To Amend Complaint at 1. Subsection (a) identifies when amendments to pleadings may be made while subsection (c) pertains to whether an amendment, already permitted by the court, will "relate back" to the complaint for statute of limitations purposes. <u>See</u> Def. HOVENSA, LLC and Hess Corp.'s Opp. to Pls.' Appeal of Denial of Motion to Amend at 8.

Because a court would not engage in an assessment of relation back until after an amendment was permitted and made, Plaintiffs' argument that "the Plaintiffs' requested amendment is timely because it relates back to the original Complaint" is unsound. <u>See</u> <u>Maersk, Inc</u>. 434 F.3d at 202-03 ("[l]eave to amend under subsection (a) and relation back under subsection (c), while obviously related, are conceptually distinct.").

This case had been on the Court's docket for nearly three years before Plaintiffs filed the Motion to Amend. The Court agrees with the Magistrate Judge's Order, stating that "adding additional named Plaintiffs at this juncture would only further prolong the delay in resolving this matter and will likely result in lengthy new discovery further delaying resolution." Order at 4.

**PREJUDICE:**

Courts consider the effects of amendment upon the non-moving party when determining whether allowance of the amendment would be prejudicial. <u>Adams,</u> 739 F.3d at 868. Courts consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." <u>Cureton,</u> 252 F.3d at 273. In the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial of an amendment." <u>Cornell & Co., Inc.,</u> 573 F.2d at 823; <u>see also</u> <u>Eddy v. V.I. Water & Power Auth.,</u> 256 F.3d 204,

209 (3d Cir. 2001) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.") (quoting Charpentier v. Godsil, 937 F.2d 859, 864 (3d cir. 1991). In the case at bar, Plaintiffs argue that the Magistrate Judge's finding of prejudice is clearly erroneous. Pls.' Reply to Basic Industries Inc.'s Response to Pls.' Appeal at 3.

Extensive discovery has taken place in this case since the initial filing of the complaint on March 28, 2003. Defendants have responded to interrogatories and numerous motions regarding discovery have been filed by both Plaintiffs and Defendants. See Order at 5. Adding a large number of named Plaintiffs with individual claims at this point would unduly burden Defendants by significantly expanding the time and resources this case will require, especially considering that Defendants have already responded to Plaintiffs' original discovery requests and have been engaged in the defense of this suit for over three years. See Def. HOVENSA, LLC and Hess Corp.'s Opp. to Pls.' Appeal of Denial of Motion to Amend at 10.

Plaintiffs' Proposed Amended Complaint states that the proposed new plaintiffs have "similar claims" as those enumerated by the original plaintiffs. Plaintiffs insist that they are amending their original Complaint only to individually name parties first noticed in the original Complaint and the cause of action of the individually named parties is based on the same facts and legal theories of the original Complaint. Pls.' Reply to Basic Industries Inc.'s Response to Pls.' Appeal at 3. Plaintiffs essentially argue that discovery in a class case is inherently equal to a case with ninety-two individual plaintiffs because the plaintiffs are "similarly situated" and their claims arise from the same transaction as the original plaintiffs' claims. However, Plaintiffs' argument is unpersuasive.

In a class action, discovery of individual claims would be limited to class issues and individual claims would not be included in these issues. If the proposed amendment were

permitted, ninety-two plaintiffs would have individual situations which would have to be presented to the jury and Defendants would be responding to allegations regarding each individual situation.  See Def. HOVENSA, LLC and Hess Corp.'s Opp. to Pls.' Appeal of Denial of Motion to Amend at 11.  Defending against these additional individual claims, particularly with regard to damages, would require discovery from each of the new plaintiffs.  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (finding that likelihood of prejudice and confusion outweighed gains from judicial economy and any potential prejudice to plaintiffs where jury would have to examine individually each plaintiff's employment history as well as explanation given by employer).

The Court agrees with the Magistrate Judge's finding that "[g]ranting a Motion to Amend by adding additional named Plaintiffs would place an unfair burden on Defendants by further lengthening the time and resources they must allocate to this case after they have already addressed Plaintiffs' initial complaint and discovery requests."  Order at 4.  Taking Plaintiff and witness depositions, including the depositions of treating physicians supporting each Plaintiff's individual claims, and, if necessary, having Plaintiffs examined by Defendants' experts will take a significant amount of time to accomplish.  The addition of eighty-seven new Plaintiffs would create a need for lengthy discovery which would "diminish Defendants' ability to get a just, speedy, and inexpensive trial."  Id. at 5.


IV.     CONCLUSION

Citing undue delay and prejudice, the Magistrate correctly applied the law and appropriately denied Plaintiffs' Motion to Amend their Complaint.  For the reasons set forth

herein, the Magistrate's Order Regarding Plaintiffs' Motion to Amend their Complaint is

**AFFIRMED.**


      **ENTERED this 4th day of March, 2008.**


                                  /s/
                              **HONORABLE RAYMOND L. FINCH**
                              **U.S. DISTRICT JUDGE**